# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00101-CR

**Alberto Torres, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY, NO. D-1-DC-11-202065, HONORABLE MIKE DENTON, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Alberto Torres was convicted of assaulting his wife, Irene Lopez, in violation of subsection 22.01(b)(2)(A) of the Penal Code. *See* Tex. Penal Code § 22.01(b)(2)(A). That provision elevates the offense level for an assault from a misdemeanor to a third degree felony if the offense is committed against "a person whose relationship to or association with the defendant is described by . . . [the] Family Code" and if the defendant has previously been convicted of a prior assault "against a person whose relationship to or association with the defendant is" also described by the Family Code. *Id.*

In a single issue on appeal, Torres contends that the trial court erred by failing to include in the jury charge the statutory definition for family member. The jury charge, which mirrored the indictment, stated, in relevant part, that Torres did "intentionally, knowingly or recklessly cause bodily injury to IRENE LOPEZ, a member of . . . Torres's Family or household

and with whom . . . TORRES has had a dating relationship." The jury charge did not include the definition of "Family" as detailed in the Family Code. *See* Tex. Fam. Code § 71.003.

The State concedes that it was error not to include the definition, and Torres admits that he did not object to the omission during trial. Accordingly, Torres is only entitled to reversal if the error resulted in egregious harm. *Hollander v. State*, 414 S.W.3d 746, 749 (Tex. Crim. App. 2013).

The only testimony regarding the nature of Torres's relationship with Lopez came from Lopez and from her daughter, Adriana Rios. Both of them testified that Torres and Lopez had been married for five years. Torres did not dispute that fact during trial, and no evidence was admitted suggesting that the two were not married. Unquestionably, a husband and wife are the very essence of "family" as it is commonly understood, and the Family Code provisions further broaden the definition to include individuals who might not necessarily fall within the common meaning. *See* Tex. Fam. Code §§ 71.0021(b) (including individuals who have dating relationship or had dating relationship in past), .003 (defining family to include people who are married to one another and descendants and ancestors as well as individuals who are related to spouse by consanguinity, former spouses, parents of same child regardless of whether they are married, and foster children and parents regardless of whether they live together), .005 (including individuals who live together in same household regardless of whether they are related).

Based on the record of this case, we must conclude that any error resulting from the omission from the jury charge of the statutory definition was not egregiously harmful. Accordingly, we overrule Torres's sole issue on appeal.

2

## CONCLUSION

Having overruled Torres's issue on appeal, we affirm the trial court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Rose, and Field

Affirmed

Filed:   March 5, 2014

Do Not Publish

3